REGAN, Judge.
Plaintiff, Ernest Esneault, a trainer and manager of professional prize fighters, in *772 stituted this suit against the defendants, the Louisiana State Athletic Commission and the individual members thereof, Emile Bruneau, Jr., chairman, Otis Guichet, secretary, and Pete Herman, a “life-time member,” endeavoring to secure a preliminary injunction to enjoin the recognition and enforcement of a decision by the defendants, rendered on April 20, 1961, wherein they recognized Angelo Dundee, but refused to recognize the plaintiff as the manager of Ralph Dupas, a prize fighter.
The plaintiff asserted that the action of the Commission in reaching this decision was illegal and without statutory authority, and that as a result thereof he will suffer irreparable property damage.
The defendants pleaded the exceptions of non-joinder of indispensable parties, and no right or cause of action, and to sustain the validity of these exceptions, asserted that the plaintiff could only properly appear in court by virtue of a suit instituted against Ralph Dupas for breach of contract, or by instituting a suit for a declaratory judgment in which the parties to both contracts were joined. These exceptions were overruled.
From a judgment denying the preliminary injunction, the plaintiff has prosecuted this appeal.
The facts as revealed by the record are relatively simple and undisputed.
On June 9, 1950, Dupas entered into a five-year managerial contract with the plaintiff, which was renewed on June 9, 1955, for an additional five years. On March 15, 1960, Dupas executed a five-year managerial contract with Angelo Dundee of Miami, Florida, which was to become effective after Dupas’ contract with the plaintiff terminated on June 9, 1960. However, on June 23, 1960, Dupas executed another contract with the plaintiff for a period of five years but did not reveal to him that he had previously executed a contract with Dundee.
The plaintiff filed his 1960 contract with the Commission, as he had done on prior occasions, and was thus recognized as usual as the manager of Dupas. Dundee had initially filed his contract with the Miami Beach Athletic Commission, and only after the passage of several months was the contract filed with the defendant Commission. As a result thereof, a hearing was thus provoked which was convened on April 10, 1961, for the purpose of determining who was Dupas’ manager since this fact, for business reasons, was of obvious importance.[1]
Present at this hearing were the plaintiff, Dundee, Dupas and the three members of the Commission; at the conclusion thereof, the “life-time member” and the secretary voted to recognize the Dundee contract. The chairman voted against this action, and in explanation thereof wrote that, “I do not feel as a layman that I am in a position to attest to the validity of the contracts on file with our Commission.” In other words he failed to vote either affirmatively or negatively.
As a result of this decision by the aforementioned two members of the Commission, Dundee was recognized as the manager of Dupas and as such has secured his proportionate share of the “purses” emanating from the fights engaged in by him.
The plaintiff points out that he has suffered a substantial monetary loss, especially since the Commission is a member of the National Boxing Association and its rulings are, by comity, acknowledged in the other states; therefore, he is unable to be recognized here or elsewhere as the manager of Dupas.
Plaintiff insists that the ruling of the Commission is null since no definitive decision of the Commission can be reached without the concurrence of its chairman and to substantiate this contention, he relies on *773 the statutory law [2] creating the Commission which reads, in part:
“ * * * Three members of the commission constitute a quorum, and the concurrence of at least two members is necessary to render a decision, one of whom must be the chairman and one of whom must be the vice-chairman or the secretary(Emphasis added.)
The defendants, on the other hand, maintain that if the chairman of the Commission is permitted to exercise complete veto power this would destroy the usefulness of the other members thereof, or, in the final analysis, even the necessity of their presence, thus leading to an impractical result which could not have been the intention of the legislature.
There is no doubt in our minds that this statute appears to have been taken upon the legislative anvil and hammered into an unusual shape which obviously has created the dissension that exists between counsel herein.
However, an analysis of the act reveals there are no gaps to be filled. There are no doubts and ambiguities to be clarified. There are no hardships or wrongs to be mitigated or avoided. Nor does the act suggest that we search for legislative intent to ascertain its true meaning. We concede that its provisions, while unusual, are very clear; it simply says that the chairman and the vice-chairman or secretary must concur in any ruling emanating from the Commission, otherwise, no decision may be reached. It is also true that this provision may be considered impractical and inexpedient but there is nothing that appears inherently illegal in such a provision and since judicial power is never exercised for the purpose of giving effect to the will of the judge, but always for the purpose of giving effect to the will of the legislature, we must render a judgment in conformity with the usual meaning of the words contained in the act. That is, no definitive decision may be reached by the Commission without the concurrence of the chairman and the vice-chairman or the secretary.
Therefore, the Commission has not legally recognized Dundee as Dupas’ manager; since this is true, the Commission should be enjoined from its illegal recognition of Dundee as Dupas’ manager until such time as the Commission acts in conformity with the statute as interpreted herein.
For the reasons assigned, the judgment-dismissing the plaintiff’s request for the issuance of a preliminary injunction is annulled and it is now ordered that the matter be remanded to the trial court for the purpose of issuing the injunction upon the plaintiff’s furnishing an adequate bond for such sum as the judge thereof shall fix, and for such additional proceedings as may be necessary, consistent with the views herein expressed.
Reversed and remanded.

. This suit has not posed for our consideration the validity of the respective contracts.

. LSA-R.S. 4:61.